UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

SHARON ROMERO, on behalf of herself and
all others similarly situated,

    Plaintiff,

vs.

KLAYMAN & TOSKES, P.A., LAWRENCE
L. KLAYMAN, and STEVEN D. TOSKES,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Sharon Romero ("Romero" or "Plaintiff") on her own behalf and on behalf of all those similarly situated, sues Defendants, Klayman & Toskes, P.A. (the "Corporate Defendant" or "Klayman & Toskes"), Lawrence L. Klayman ("Klayman"), and Steven D. Toskes ("Toskes") (Klayman and Toskes are collectively the "Individual Defendants") (the Corporate Defendant and the Individual Defendants are collectively the "Defendants"), and states:

### GENERAL ALLEGATIONS

1. This is an action for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, to redress the deprivation of rights secured to Plaintiff and other employees similarly situated by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

2. Plaintiff Romero is a former paralegal of the Corporate Defendant, which is a law firm which knowingly didn't pay Romero overtime even though she was non-exempt.

**JURISDICTION**

3. This Court has subject jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and over the common law count pursuant to it supplemntal jurisdiction set forth in 28 U.S.C. § 1367.

4. At all times material, Plaintiff was a non-exempt employee of the Defendants.

5. At all times material, Corporate Defendant operated as a business organization which sells and/or markets its services and/or goods to customers/clients to and from throughout the United States and elsewhere and also provides its services to and from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses electronic, digital and telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. As such, Defendants owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. Upon information and belief, at all times material hereto, Corporate Defendant's annual gross revenue exceeded $500,000 per annum separately.

7. The Defendants are subject to the personal jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

8. The Defendants are also subject to the personal jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

## VENUE

9. This Court is the appropriate venue based upon the following:

   (a) The unlawful employment practices alleged herein occurred and/or were committed in the Southern District of Florida and,

   (b) Defendants were and continue to be doing business within the Southern District of Florida.

## PARTIES

10. Plaintiff was and continues to be a resident of Palm Beach, County, Florida.

11. Individual Defendants are residents of Palm Beach County, Florida.

12. Corporate Defendant was and is located in Palm Beach County, in the Southern District of Florida.

13. Defendants misclassified Plaintiff as an exempt employee.

14. Corporate Defendant was the direct employer of Plaintiff within the meaning of the FLSA.

15. At all times material, the Individual Defendants were owners, directors, officers of the Corporate Defendant, and exercised operational control of the business such that they were each an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that they acted directly in the interests of the Corporate Defendant employers in relation to their employees, including Plaintiff.

16. Plaintiff worked full time for Defendants for over three years.

17. Defendants have possession of records of most if not all of the time worked by Romero.

18. Defendants did not pay Plaintiff overtime even though she worked more than 40 hours per week in most, if not all, of the weeks she worked for Defendants, except for a few months when an office manager/human resources consultant, who worked for the Defendants, insisted Defendants pay overtime because they were obligated to do so.

19. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages and overtime compensation in conformance with the FLSA.

20. Romero typically worked at least five days per week.

21. Romero often worked from as early as 9:00-9:30 AM to as late as 8:00-9:00 PM or later, Monday through Friday and, on occasion, worked on Saturdays and Sundays for up to 5-6 hours each day.

22. Typically, Romero did not have a bona fide meal period during which Defendants would have been permitted to "take her off the clock." On the few occasions

when Romero attempted to have a bona fide meal period, it was interrupted repeatedly for her to do work, including, but not limited to, answering the phones or responding to requests from attorneys in the office or communications with clients or third parties.

23. In addition to those typical hours, Romero worked additional time when away from the office, at night and on the weekend, including, but not limited to, when she was using the phone, updating client files through the FINRA portal, texting and/or emailing because she was constantly being contacted by attorneys in the firm and others after hours, concerning work-related demands or otherwise.

24. Romero's unpaid overtime hours are as follows (subject to reviewing all of her time records and other documentation and information in the possession of the Defendants or third parties)[1]:

| Time Period | Estimate of Overtime Hours Worked |
|---|---|
| January 15, 2015 – December 31, 2015 | 75 hours[2] |
| January 1, 2016 – December 31, 2016 | 102 hours[3] |
| January 1, 2017 – December 31, 2017 | 277 hours[4] |
| January 1, 2018 – April 11, 2018 | 151 hours[5] |
| Total: | 605 hours |

---

[1] Romero has timesheets for 2017 and 2018 and Defendants should have records for 2015 and 2016.
[2] Defendants' own records reflect that they logged and paid Romero for 32 overtime hours for November and December, 2015 in Q4. Romero's estimating 75 unpaid overtime hours for the first 10 months of 2015 is very conservative and reasonable. In fact, that was added by Defendants to Romero's so-called "PTO Account" confirming that she had at least that amount remaining unpaid when 2015 ended. Apparently, Defendants mistakenly thought they could avoid paying overtime actually worked by just adjusting her PTO account upward as some sort of Comp Time Bank they created (and which the law does not allow). Even if she used it up (which she did not), Defendants still owe her 75 hours of overtime for 2015, by its own admission.
[3] Defendants' own records reflect that they logged and paid Romero for 129 overtime hours for Q1 and Q2 of 2016. Romero's calculating 102 unpaid overtime hours for the rest of the year (i.e., Q3 and Q4 of 2016) is also very conservative and reasonable.
[4] Based on Romero's time records for 2017.
[5] Based on Romero's time records for 2018.

25. During the period of three years prior to the filing of this Complaint, Plaintiff worked approximately 605 overtime hours for which she was paid nothing. That did not include hours for which Sharon was actually paid overtime.

26. Plaintiff's regular rate was at least $31.25, computed by taking her annual compensation and dividing it by a 40-hour work week.

27. Plaintiff's overtime rate was at least $46.87[6].

28. Plaintiff is owed for the approximate number of overtime hours of 605 times her overtime rate of $46.87, or at least $28,356. Plaintiff is entitled to liquidated damages of at least $28,356.

29. Therefore, Plaintiff is entitled to be paid a total of at least $56,712 plus interest.[7, 8, 9]

30. Defendants knew, or by exercising reasonable diligence, shown have gained knowledge and known that, Plaintiff was not being compensated for any or all overtime hours at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, as required by the FLSA.

---

[6] Which is the rate Defendants, themselves, actually used when Defendants paid her overtime for a few months in question.

[7] That amount applies just for the Plaintiff; it is believed that she is not the only current and former employee entitled to overtime for work performed over the last three years (who, ultimately, should be notified by court order and given a chance to join this collective action. Note also it is believed that Defendants failed to post the notice required by the FLSA and, therefore, there should be an equitable tolling of the Statute of Limitations including, but not limited to, as to all others similarly situated.

[8] These amounts will likely need to be adjusted upwards in view of the fact that Plaintiff was paid a bonus in 2016 of $1,500 and in 2017 of $7,500. The bonuses *add to* the regular and overtime rates.

[9] Plaintiff has already provided to Defendants back-up documentation and a detailed spreadsheet calculations.

31. On one or more occasions, one or both of the Individual Defendants stated that, despite being aware that it was the responsibility of the law firm to pay overtime, they failed and refused to do so.

32. During one such occasion, at a firm meeting, Klayman declared: "I don't care if you have to work nights and weekends, get your work done. I'm not paying overtime. I'm not starting that crap."

33. The Defendants were informed and knowledgeable about their obligation to pay overtime and were indifferent or outright refused to pay overtime, so as to justify the extension of the statute of limitations to three years.

## STATEMENT OF FACTS

34. Romero worked for the Defendants for over three years from about January 15, 2015 to April 11, 2018, when she was summarily terminated without cause, notice or severance.

35. Romero performed various nonexempt work for Defendants, working as a paralegal under the supervision and direction of the attorneys at Klayman & Toskes.

36. Romero was paid a flat amount each week which was an hourly rate ascribed to her by taking $65,000 divided by 40 hours per week for 52 weeks, or 2,080 hours, or $31.25/hour, which represented Romero's regular rate.

37. Defendants knowingly and willfully operated their law firm with a policy of not paying overtime compensation to Romero, to which they knew she was entitled, which was in violation of the FLSA.

38. When Romero worked more than 40 hours in any given week, Defendants did not pay Romero any form of additional compensation.

39. Defendants knew or should have known they were obligated under the FLSA to pay Romero at time and a half, or $46.875 per hour, for all hours worked in any given week where she worked more than 40 hours.

40. Furthermore, the poster employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and, therefore the applicable statute of limitation should be equitably tolled. See, e.g.,Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

41. Under the FLSA, it was Defendants's obligation to record and keep records of the hours worked by Plaintiff and Defendants failed to comply with that obligation.

42. Defendants have violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons:

    (a) Plaintiff was not paid overtime to which she was entitled; and

    (b) Defendants have failed to maintain proper time records as mandated by the FLSA.

43. Plaintiff has retained Schwarzberg & Associates, P.L. to represent her in the litigation and have agreed to pay the Firm reasonable attorneys' and paralegal fees for its services.

44. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

## COUNT I
## UNPAID OVERTIME COMPENSATION – DECLARATION— VIOLATION of 29 U.S.C. § 207

45. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

46. During Plaintiff's employment with the Defendants, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

47. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

48. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to her are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case to determine the amount due to her.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

51. Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

52. During the period of three years prior to the filing of this Complaint, Plaintiff worked approximately 572[10] overtime hours for which she was paid nothing.

53. Plaintiff's regular rate was $31.25 computed by taking her annual salary and dividing it by her standard work week.

54. Plaintiff's overtime rate was, therefore, $46.87.

55. Plaintiff is owed for the approximate number of overtime hours of 572 times her overtime rate of $46.87, or $26,809.64.

56. Plaintiff is entitled to liquidated damages of $26,809.64.

57. Plaintiff is entitled to be paid a total of $53,619.28 plus interest.[11] [12]

58. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

---

[10] Defendants have possession of the time sheets and other records which reflect hours worked, as they are required to maintain by the regulations of the Wage & Hour Division of the Department of Labor.

[11] That amount applies just for the Plaintiff; it is believed that she is not the only current and former employee entitled to overtime for work performed over the last three years (who, ultimately, should be notified by court order and given a chance to join this collective action. Note also it is believed that the Defendants failed to post the notice required by the FLSA and, therefore, there should be an equitable tolling of the Statute of Limitations all others similarly situated.

[12] These amounts will need to be adjusted inview of the fact that Plaintiff was paid a bonus in 2016 of $1,500 and in 2017 of $7,500 and Plaintiff wanted to take time off in 2017 but was forbidden because of a lack of staffing and she had the righ to rollover unused PTO to 2018, so she be allowed to recover the value of such accrued and unused PTO, which should be added to the amounts earned so as to increase the effective overtime rate.

WHEREFORE, Plaintiff, Romero, respectfully requests that judgment be entered in her favor and for all others similarly situated who join in the action against the Defendants jointly and severally:

    a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b. As to Plaintiff and all others similarly situated:

        i. Awarding overtime compensation in the amounts to be calculated;

        ii. Awarding liquidated damages in the amounts calculated;

        iii. Declaring that the statute of limitations should be extended to three years and/or that the statute of limitation be tolled;

        iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

        v. Awarding post-judgment interest; and

    c. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II
## UNPAID WAGES, ETC. AND
## CLAIM FOR FEES UNDER FLA.STAT. SECTION 448.08

59. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

60. Plaintiff wanted to take time off in 2017 but, because of a lack of staffing, there was no way she would have been able/allowed to take any time off, and she didn't.

61. Plaintiff should be compensated for the PTO she had earned for 2017 and wasn't able to use.

62. Plaintiff had the right to rollover unused PTO to 2018, and she also earned additional PTO time in 2018.

63. The entire value of all of the PTO should be paid to Plaintiff, estimated to be at least three weeks of salalry payment, or $3,750, plus three days she would have been allowed to roll over, or $750, for a total of $4,500.

64. Additionally, when the Defendants notified Plaintiff that she would be terminated, Defendants promised Plaintiff 2 weeks of severance, which they have admitted they failed to pay to her; Plaintiff is owed at least $2,500.

65. Under Florida law, claims for accrued and unpaid PTO and severance are considered claims for wages, as to which a claim for recovery of attorneys' fees is allowed under Fla.Stat. Section 448.08.

66. Defendants also failed to reimburse Plaintiff for amounts she advanced for the Defendants to buy office supplies, etc., despite promising to do so.

WHEREFORE, Plaintiff, Romero, respectfully requests that judgment be entered in her favor against the Corporate Defendant awarding damages in the amounts to be calculated together with reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to Fla.Stat. Section 448.08 and any other and further relief this Court deems to be just and proper.

## **JURY DEMAND**

## **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                                           SCHWARZBERG & ASSOCIATES
*Attorneys for Plaintiff*
2751 South Dixie Highway, Suite 400
West Palm Beach, FL 33405
Telephone:    (561) 659-3300
Facsimile:    (561) 693-4540
BY: ***Steven L. Schwarzberg***
    STEVEN L. SCHWARZBERG
    Fla. Bar No.: 306134
    steve@schwarzberglaw.com
    mail@schwarzberglaw.com